IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| STEPHANIE B. HALL, | ) | |
| | ) | Case No. 4:05CV00050 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | By: **Jackson L. Kiser** |
| Defendant. | ) | Senior United States District Judge |

Before me now is Defendant Wal-Mart Stores, Inc.'s ("Defendant") Fed. R. Civ. P. 56 Motion for Summary Judgment against Plaintiff Stephanie B. Hall ("Plaintiff"). The parties have briefed the issues and oral argument was held on April 13, 2006. The motion is therefore ripe for decision. For the reasons stated herein, Defendant's Motion for Summary Judgment will be **DENIED.**

**I.    LEGAL STANDARD**

   *A.    Summary Judgment*

Summary judgment is appropriate where no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). A genuine issue of a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

1

247-48 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted), *cert. denied*, 513 U.S. 813 (1994); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1129 (4th Cir. 1987). Nevertheless, where the record taken as a whole cannot lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial and summary judgment is appropriate. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Additionally, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

  B. *Virginia Substantive Law*

  This case came to this Court under diversity jurisdiction. 28 U.S.C. § 1332(a). As a result, the substantive law of Virginia will be applied to the facts of this case. In slip and fall cases, the law of Virginia is well-settled. The defendant store-owner must exercise a "duty to exercise ordinary care toward [its customers] as its invitee upon its premises. In carrying out this duty it [is] required to have the premises in a reasonably safe condition...[T]o remove, within a reasonable time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that other persons had placed there." *Colonial Stores, Inc. v. Pulley*, 203 Va. 535, 537 (1962). Thus, an injured plaintiff may recover in a slip and fall case against a defendant store-owner if she can prove that the store-owner had either actual or constructive notice of the dangerous condition which caused her injury. *Winn-Dixie Stores, Inc. v. Parker*, 240 Va. 180, 184 (1990). In this case, Plaintiff only seeks to prove that Defendant had actual

2

notice of the dangerous condition that caused her injury.[1]

## II. STATEMENT OF THE FACTS

The following chain of events comprise the facts of this case when viewed in the light most favorable to Plaintiff. On November 20, 2003, Plaintiff and her two daughters went shopping at the Defendant's store in Halifax County, Virginia. While walking in the bread aisle, Plaintiff slipped on a pool of liquid soap that came from a Winnie-the-Pooh soap dispenser. As a result of her fall, Plaintiff sustained severe injuries to her left knee and back. It is unknown exactly how long the spill was on the floor before Plaintiff slipped or who caused the spill. After she fell, Plaintiff went to Defendant's customer service desk to report her injury while her daughters remained in the bread aisle. At the desk, she spoke with assistant manager Jeffrey Fullen ("Fullen"). According to Plaintiff, Fullen contacted another, unidentified, Wal-Mart employee via walkie-talkie to report the spill. Fullen told this person to look into the spill and the unidentified person said that someone "was supposed to get that up 30 minutes ago." Soon thereafter, Fullen contacted Assistant Manager Theresa Powell ("Powell") by walkie-talkie and told her to photograph and then clean up the spill. Only Defendant's managers, assistant managers, and the on-duty employee at the customer service desk carry walkie-talkies.[2] Plaintiff alleges that the other on-duty assistant manger, Powell, was the unidentified employee in the conversation with Fullen. Defendant alleges that there is no proof that the incriminating statement was made at all.

---

[1] "This case is not about whether Wal-Mart had 'constructive notice.'" (Plaintiff's Brief in Opposition at p. 9).

[2] Deposition testimony of Powell also states that employees in the fitting room carry walkie-talkies.

## III.     PROCEDURAL HISTORY

Plaintiff originally filed this case in Halifax County Circuit Court and Defendant properly removed the case to this Court on September 12, 2005. Defendant filed its Motion for Summary Judgment on March 14, 2006, Plaintiff filed her Brief in Opposition on March 28, 2006, and Defendant filed its Reply Brief on April 4, 2006.  Oral argument on Defendant's motion was held before this Court on April 13, 2006.

## IV.     DISCUSSION

In this case, Plaintiff has alleged that Defendant was on actual notice of the spill that caused her to fall.   The only evidence Plaintiff can point to in order to substantiate her actual notice argument is the statement to Fullen by the unknown Wal-Mart employee to the effect that someone "was supposed to get that up 30 minutes ago." Defendant raises two evidentiary arguments to show why this statement is inadmissible and, therefore, Plaintiff's claim fails and summary judgment should be entered for Defendant.  For the reasons that follow, I find neither of Defendant's arguments availing.

   *A.     Federal Rule of Evidence 801(d)(2)(C and (D)*

Defendant submits that the statement at issue fails to meet the foundational requirements of FRE 801(d)(2)(C) and (D) which cover different forms of admissions by a party-opponent. FRE 801(d)(2)(C) admits statements into evidence that are against a party and made by "a person authorized by the party to make a statement concerning the subject."  This rule "demands as a prerequisite to admissibility a showing based on evidence independent of the alleged hearsay that the declarant is an agent of the party with authority to speak on the subject." *U.S. v. Portsmouth Paving Corp.*, 694 F.2d 312, 321 (4th Cir. 1982).  FRE 801(d)(2)(D) admits a

4

statement when it is made "by the party's agent or servant concerning a matter within the scope of the agency or employment [and] made during the existence of the relationship." The scope of this rule is broader than (d)(2)(C). *Id*. While independent proof of an agency relationship must still be established, "authorization to speak need not be shown. That the statement is made within the scope of the agency is sufficient." *Id*.

Defendant argues that independent proof of an agency relationship between Wal-Mart and the unknown speaker on the walkie-talkie does not exist. Such proof is impossible for Plaintiff to show, states Defendant, precisely because the speaker cannot be definitively identified. Furthermore, Plaintiff's own attempts to identify the speaker conflict with each other to such a degree that they must be dismissed as mere speculation. While it is true that Plaintiff's prior statements do appear to be in conflict with the argument made in her Brief in Opposition, when evaluated in the light most favorable to her the inconsistencies are easily resolvable.

In Plaintiff's deposition and in an answer to an Interrogatory, she stated that at the time she heard the statement, she thought it was made by "a black boy" because the voice was not very deep and the name was "very unusual." (Hall's Deposition, p. 100). As noted above, however, Plaintiff now alleges that the unknown voice belonged to Assistant Manager Powell, a Caucasian female. In the light most favorable to Plaintiff, this discrepancy is best explained by Plaintiff's statement that she was only "vaguely" listening to Fullen's conversation, that the walkie-talkie conversation was "muffled" and "hard to understand," and that there was a lot of commotion at the customer service desk when the conversation occurred. *(Id*., at 101-02, 106-07). In addition, Plaintiff was in pain and upset when the conversation between Fullen and the unknown speaker occurred. (*Id.*, at 102).

5

A reasonable jury could use any or all of these factors to discount or ignore Plaintiff's initial impression of the speaker's identity. A reasonable jury could also find that Powell was the unidentified speaker based on circumstantial evidence. For instance, both parties agree that Fullen contacted Powell concerning the spill soon after his conversation with the unknown speaker ended. ( *See*, *e.g.,* Fullen's Deposition, p. 14; Powell's Deposition, p. 15). It would be perfectly reasonable for a jury to infer that Powell was the unknown speaker based on the fact Fullen contacted Powell about cleaning up the spill only moments after having a conversation about the existence and location of the spill with the unknown speaker. In other words, it would be reasonable to find that Fullen first spoke with Powell about the nature of the spill and then radioed her back soon thereafter instructing her to clean it up. Indeed, Powell was trained by Defendant in how to properly clean up spills like the one that injured Plaintiff. (Powell Deposition, p. 14-15). On the other hand, it would be reasonable for the jury to conclude that Fullen either spoke with someone else about the spill before radioing Powell or that Plaintiff is making the entire conversation up in order to hold Defendant liable. The issue of identity is simply one of credibility of the witnesses and resolving this issue is the province of the jury, not the judge.

Alternatively, Defendant argues that the unknown speaker's statement must be excluded under 801(d)(2)(D) because there is no proof that the statement concerned a matter within the unknown speaker's scope of employment. I disagree with this argument for the simple reason that it is illogical to believe that Fullen would contact a person about a spill whose scope of employment did not include directly or indirectly cleaning up spills. More fundamentally, it is undisputed that only high-ranking employees at Defendant's Halifax County store carry walkie-

6

talkies. It would clearly be within the scope of a high-ranking employee's employment, like Powell, to clean up the spill or tell someone else to do it. As noted above, Powell stated in her deposition that she has been trained by Defendant to clean up spills. *Id.* Therefore, Defendant's argument as to 801(d)(2)(D) must fail. A sufficient foundation that the unknown speaker was Powell has been laid, albeit by circumstantial evidence, and discussing the spill would have clearly been within her scope of employment. Having found the statement admissible under 801(d)(2)(D), I need not address Defendant's 801(d)(2)(C) argument.

  *B. FRE 403*

Defendant next argues that even if the statement is admissible, it is inadmissible under FRE 403 because its probative value is substantially outweighed by the danger of unfair prejudice. In its briefs, Defendant submits several explanations detailing why the statement is unfairly prejudicial. These arguments range from the suspicious circumstances of Plaintiff's injury, to the possibility that the unknown speaker was talking about a different spill, to the policy justifications for prohibiting statements from unknown speakers. I must reject these arguments because they are all driven by credibility determinations and weighing of evidence. These tasks are for the jury and cannot form the basis for dismissing this case at the summary judgment stage.

I find that the statement that Plaintiff alleges was made by Powell that someone "was supposed to get that up 30 minutes ago" is admissible under 801(d)(2)(D). This statement alone creates a genuine issue of material fact about Defendant's actual knowledge of the spill on which Plaintiff slipped and sustained injuries. Whether the evidence ultimately shows that the unknown speaker was Powell, as Plaintiff alleges, is a question of witness credibility that will

7

require the weighing of the facts and circumstances surrounding this case. That is the province of the jury. Therefore, Defendant's motion for summary judgment must be **DENIED**.

## V. CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment will be **DENIED**.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record.

ENTERED this 21st day of April, 2006.

s/Jackson L. Kiser
Senior United States District Judge
