IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

|  |  |
|---|---|
| STEPHANIE B. HALL, | ) <br> ) Case No. 4:05-CV-00050 <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) **MEMORANDUM OPINION** <br> ) <br> ) |
| WAL-MART STORES EAST, LP, | ) By: **Jackson L. Kiser** <br> ) Senior United States District Judge |
| Defendant. | ) <br> ) <br> ) <br> ) |

Before me now is Plaintiff Stephanie B. Hall's ("Plaintiff") Motion for New Trial against Defendant Wal-Mart Stores East, LP ("Defendant"). The parties have briefed the issues and oral argument was held on August 17, 2006. The motion is therefore ripe for decision. For the reasons stated herein, Plaintiff's Motion will be **GRANTED**.

## I.  LEGAL STANDARD

Rule 59(a) of the Federal Rules of Civil Procedure gives the losing party the legal right to bring a new trial motion before this Court. In pertinent part, Rule 59(a) states:

> A new trial may be granted to all or any of the parties and on all or part of the issues...in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.

The Fourth Circuit has long held that the "decision on a motion for a new trial rests within the sound discretion of the trial court." *City of Richmond v. Atlantic Co.*, 273 F.2d 902, 916 (4th Cir. 1960). A district court "should exercise its discretion to grant a new trial 'whenever, in its

1

judgment, this action is required in order to prevent injustice.'" *Whalen v. Roanoke County Bd. of Supervisors*, 769 F.2d 221, 226 (4th Cir. 1986) (quoting 11 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 2805 (2d ed. 1995)). Common examples of legitimate grounds on which to grant a new trial include a prejudicial error of law, newly discovered evidence, and a verdict that is against the weight of the evidence. 11 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 2805. On the other hand, "grounds not called to the court's attention during the trial" will not constitute cause for a new trial "unless the error was so fundamental that gross injustice would result." *Id*.

## II.     PROCEDURAL HISTORY

This case was originally filed by Plaintiff in Halifax County Circuit Court on August 12, 2005. Defendant timely filed a Notice of Removal and Answer with this Court on September 12, 2005. Defendant filed its Summary Judgment Motion on March 14, 2006 and, after the issue was fully briefed and argued, this Court denied Defendant's Motion by written Memorandum Opinion. *Hall v. Wal-Mart Stores, Inc.*, No. 4:05-CV-00050, 2006 WL 1075015 (W.D. Va. Apr. 21, 2006). A jury trial was held on May 22, 2006 before this Court in Danville, Virginia. At the close of Plaintiff's evidence concerning Defendant's liability, Defendant made an oral Motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(a)(1). This Court granted Defendant's Motion. On June 2, 2006, Plaintiff filed her Motion for New Trial, Defendant submitted its Brief in Opposition on June 16, 2006, and Plaintiff filed her Reply Brief on June 21, 2006. Oral argument for Plaintiff's Motion was held on August 17, 2006, making the issue ripe for decision.

## III. STATEMENT OF THE FACTS

Plaintiff's Complaint alleges that she was injured when she slipped and fell on a clear liquid in the bread aisle of Defendant's store in Halifax, Virginia on November 20, 2003. While reporting her injury to Assistant Manager Jeffrey Fullen ("Fullen"), Plaintiff states that she heard Fullen speak via walkie-talkie with another person about the spill. According to Plaintiff, the person with whom Fullen was speaking stated that the spill was supposed to have been cleaned up thirty minutes ago. Defendant, of course, disputes that this statement was made. The basis of the instant motion, however, is grounded entirely on the statements made by Defense Counsel and this Court at various times of the trial.

In its opening statement at trial, Defense Counsel told the jury that,

> this case really boils down to one issue. And that issue is this: Whether or not the alleged statement that [Plaintiff] claims she overheard, that so and so or somebody was supposed to clean up that spill 30 minutes ago, whether or not you believe that that was said. And that's really it.
> The parties...disagree on that one fact.

Transcript of Opening Statements at 15, *Hall v. Wal-Mart Stores East, LP,* No. 4:05-CV-00050. Defense Counsel then elaborated on this issue by explaining to the jury that,

> Teresa Powell, you are going to learn today, was the person who Jeffrey Fullen called...
> [Plaintiff had] left the accident scene, walked on over to the customer service desk, asked for a manager. And Jeffrey Fullen responded. Mr. Fullen then used his walkie-talkie to call someone. And he called Teresa Powell.
> Teresa Powell is an assistant manager of the store. And part of her responsibilities is that she has responsibility over the bakery section of the store, which includes the bread aisle. So that's why he called her.
> The parties simply disagree on whether or not that one statement was made, whether or not Teresa Powell said, "Oh, so and so was supposed to get that up 30 minutes ago." And that's what you-all's role is to do today, is to determine whether or not that statement was made.

*Id*., at 15-16. At the close of Plaintiff's case-in-chief as to Defendant's liability, Defendant

3

moved for Judgment as a Matter of Law. Defense Counsel argued that,

> as the case stands now, there's no evidence who the speaker was on the other end of the walkie-talkie. Certainly we talked about it in opening statements, but there has been no evidence here.
> The only person that the plaintiff called was Mrs. Hall, who testified to that...There has been no testimony that the speaker was Teresa Powell, that the speaker was anybody other than an unknown person.
> There has been no testimony to say what that person's role was at Wal-Mart. There has been no testimony to say that any statements were within the scope of that person's authority at Wal-Mart.

Transcript of Motion for Judgment as a Matter of Law at 3, *Hall v. Wal-Mart Stores East, LP*, No. 4:05-CV-00050. As noted above, this Court ultimately granted Defendant's Motion. This Court based its decision on the ground that,

> there was no evidence – assuming this statement was made that "I told someone to clean it up 30 minutes ago," assuming that statement was made, under the Rules of Evidence, before that can be attributed to Wal-Mart and be evidence against Wal-Mart, the authority of the person making the statement has to be proven. That had not been done.
> Therefore, I rule that the statement could not come in to evidence. And without that statement, the plaintiff has no case. So I have directed a verdict, or dismissed the case, because of a failure of proof.

*Id*. at 11-12.

In short, Defense Counsel told the jury in its opening statement that the identity of the person with whom Fullen had a walkie-talkie conversation was Teresa Powell ("Powell"), another of Defendant's assistant managers. In her case-in-chief, Plaintiff did not put on evidence to show that Powell was this speaker. Defendant then timely tendered its Judgment as a Matter of Law Motion because Plaintiff had failed to put on this evidence and, as such, there was no evidence that the incriminating statement had been made by an employee with authority to bind Defendant. This Court agreed and granted Defendant's Motion because Plaintiff failed to provide an evidentiary foundation to prove an element of her case.

4

## IV. DISCUSSION

In support of her Motion for New Trial, Plaintiff raises four separate arguments. First, that Plaintiff's testimony regarding the walkie-talkie conversation was admitted into evidence without objection. Therefore, argues Plaintiff, Defendant was precluded from arguing in its Judgment as a Matter of Law Motion that an insufficient foundation was laid for Plaintiff's statement. Second, that Defense Counsel's opening statement amounted to a judicial admission on the issues of the identity and authority of the person with whom Fullen spoke by walkie-talkie. As such, Plaintiff was entitled to rely on this admission and had no obligation to proffer evidence to that fact. Third, that even if Plaintiff's testimony regarding the statement was inadmissible, there was other circumstantial evidence to show that the statement was made by one of Defendant's agents. Finally, Plaintiff asserts that this Court should have exercised its discretion to allow Plaintiff to call Fullen or Powell as an adverse witness before it granted Defendant's Motion. I will address each of Plaintiff's four arguments in turn.

*A.    Plaintiff Waived Her Opportunity to Contest Defendant's Failure to Object*

Plaintiff's first argument to support her New Trial Motion is that Defendant failed to object that Plaintiff's testimony concerning the alleged walkie-talkie conversation lacked foundation. Plaintiff asserts that Defendant's failure to timely object precluded it from raising this issue during its Judgment as a Matter of Law Motion. While it is true that under Federal Rule of Evidence 103(a)(1) a "timely objection" is necessary to exclude the proffered evidence, I am not persuaded by Plaintiff's argument. The fatal flaw in Plaintiff's argument lies in her own failure to raise the issue of waiver at the time of Defendant's Motion. By not raising

Defendant's waiver until her Motion for New Trial, Plaintiff is essentially asking this Court to grant a new trial "on grounds not called to the court's attention during the trial." 11 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 2805.

While this rule is typically used by courts to deny a new trial motion for failure to timely object to the introduction of a piece of evidence, I find that this reasoning applies with equal force to Plaintiff's waiver argument in this case. Evidentiary missteps of counsel not timely brought to the Court's attention must ordinarily be deemed waived. In this case, Plaintiff had every opportunity at trial to alert this Court to Defendant's waiver yet she failed to do so. That failure allowed the trial to close without Plaintiff calling Defendant's error to this Court's attention. It is simply too late now for Plaintiff to raise this issue because, in doing so, Plaintiff is arguing that a new trial must be granted to remedy the error of Plaintiff's own counsel. Though circumstances likely exist where the errors of a party's own counsel could justify granting a new trial, this is simply not one of them. In sum, Plaintiff waived her right to seek a new trial by failing to raise the issue of Defendant's waiver during the Judgment as a Matter of Law hearing. Therefore, I will **DENY** Plaintiff's first argument in support of her Motion for New Trial.

   B.  *Defense Counsel's Admission During Opening Statement Foreclosed the Issues of Identity and Authority*

As detailed in Part III, *supra*, Defense Counsel told the jury in his opening statement that the only fact in dispute was whether Powell's incriminating statement had been made to Fullen. Furthermore, Defense Counsel specifically stated on multiple occasions that Fullen contacted Powell via walkie-talkie after Plaintiff approached him at the customer service counter. Plaintiff

6

asserts that Defense Counsel's statements rise to the level of a judicial admission on the issues of identity and authority. If that were so, then this Court would have erred in granting Defendant's Judgment as a Matter of Law Motion on the basis of Plaintiff's failure to establish the identity of the person with whom Fullen spoke. For the following reasons, I agree with Plaintiff's argument and find that a new trial is appropriate.

Though case law on the issue is scarce, the principle that an admission of counsel during trial "may dispense with proof of facts for which witnesses would otherwise be called" has been recognized by the Supreme Court since 1880. *Oscanyan v. Arms Co.*, 103 U.S. 261, 263 (1880). A court's power to act "upon facts conceded by counsel is as plain as its power to act upon the evidence produced." *Id*. However, only statements that are "clearly established" by counsel will be treated as judicial admissions. *Id*. Consistent with the principle in *Oscanyan*, the Fourth Circuit has stated that, "a clear and unambiguous admission of fact made by a party's attorney in an opening statement in a civil or criminal case is binding upon the party." *U.S. v. Blood*, 806 F.2d 1218, 1221 (4th Cir. 1986). *Accord*, *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474 (5th Cir. 2001); *MacDonald v. General Motors Corp*., 110 F.3d 337 (6th Cir. 1997); *U.S. v. McKeon*, 738 F.2d 26 (2nd Cir. 1984); *Glick v. White Motor Co.*, 458 F.2d 1287 (3rd Cir. 1972). Of course, what a court can consider a judicial admission "is restricted to unequivocal statements as to matters of fact which otherwise would require evidentiary proof; it does not extend to counsel's statement of his conception of the legal theory of a case." 30A Wright & Graham, FEDERAL PRACTICE & PROCEDURE § 7026 (2000). Thus the crucial question is: Was counsel's opening statement a forecast of the evidence or a judicial admission?

That question can be answered in this case by determining whether Defense Counsel's

opening statement clearly and unambiguously foreclosed the issues of the identity of person with whom Fullen spoke and the authority of that person to make the alleged incriminating statement. Defendant argues that its opening statement was merely a broad outline of what it expected the evidence would be in the case and that its counsel's statements were not intended to function as stipulations or judicial admissions. Defendant relies on its statement that "Teresa Powell, *you are going to learn today*, was the person who Jeffrey Fullen called" as proof of its intent to give the jury an equivocal estimation of what the evidence might be in the case. Transcript of Opening Statements at 15 (emphasis added). The strength of Defendant's position on this issue is undermined by other multiple clear and unambiguous statements made by Defense Counsel concerning Powell's identity and the issue to be decided by the jury.

For instance, immediately before Defense Counsel made the above equivocal statement, he told the jury that,

> this case really boils down to one issue. And that issue is this: Whether or not the alleged statement that [Plaintiff] claims she overheard, that so and so or somebody was supposed to clean up that spill 30 minutes ago, whether or not you believe that that was said. And that's really it.
> The parties...disagree on that one fact.

*Id*. After giving a brief synopsis of the case, Defense Counsel once again informed the jury that,

> The parties simply disagree on whether or not that one statement was made, whether or not Teresa Powell said, "Oh, so and so was supposed to get that up 30 minutes ago." And that's what you-all's role is to do today, is to determine whether or not that statement was made.

*Id*. at 16. Defense Counsel then reformulated this statement in legal terms by telling the jury that,

> Your job is to weigh the evidence. And at the end of the day, the weight of the

> evidence may lead you to believe that, yeah, I think that that statement was made. And if that's the case, then you need to return your verdict for [Plaintiff]. Or the weight of the evidence may – after considering all of the evidence, may lead you to believe I don't think that that statement was made. And if that's the case, you need to return your verdict for [Defendant].

*Id*. at 17.

The clear thrust of Defense Counsel's opening statement was to remove all issues surrounding Defendant's potential liability except for the existence of the statement. Defense Counsel stated at the very beginning of his opening statement that the parties "disagreed on that one fact." *Id*. at 15. He then gave a brief recitation of the accident, including Powell's discussion with Fullen via walkie-talkie, before twice more telling the jury what their sole responsibility would be. That is, "to determine whether or not that statement was made." *Id*. at 16.

Further proof of Defense Counsel's tactic to reduce this case to one issue is demonstrated by the fact that Defense Counsel never called the identity and authority of the person who made the statement into question. To the contrary, Defense Counsel stated that, after Plaintiff notified Fullen of her accident, Fullen

> used his walkie-talkie to call someone. And he called Teresa Powell.
> Teresa Powell is an assistant manager of the store. And part of her responsibilities is that she has responsibility over the bakery section of the store, which includes the bread aisle. So that's why he called her.

*Id*. at 16.

For Defense Counsel to now assert that the words "you are going to learn today" can overcome his clear, unambiguous, and repeated statements that conceded the issues of the speaker's identity and authority and focused the jury's attention to one specific issue of liability is simply unpersuasive. The statements, taken together, can lead only to the conclusion that

9

Defense Counsel used his opening statement to distill the case down to one factual issue. The above-cited portions of his opening statement, though necessary to focus the jury's attention solely on the alleged statement, had the unmistakable effect of taking all other issues relating to the identity and authority of the speaker, Powell, out of the jury's consideration. In other words, they became judicial admissions upon which Plaintiff was entitled to rely during her case-in-chief.

Defendant argues that Plaintiff has misinterpreted the case law that deals with the issue of judicial admissions in opening statements. Defendant specifically takes issue with Plaintiff's reliance on *U.S. v. McKeon*. In *McKeon*, the Second Circuit considered whether the statement of the defendant's counsel in opening statement at the original trial could be used for evidentiary purposes in the defendant's re-trial. 738 F.2d at 30. The *McKeon* Court held that a previous opening statement could be considered an admission under Fed. R. Evid. 801(d)(2) and used for evidentiary purposes in a subsequent criminal trial if counsel took an inconsistent position on the same issue during the re-trial's opening statement.

*McKeon* is factually distinct, however, because the statement at issue was sought to be admitted for evidentiary purposes rather than as a judicial admission. *McKeon* is relevant to resolving this case only insofar as it reiterates and explains the general principle of *Oscanyan*. *Id*. A judicial admission is, of course, the issue that must be resolved in the instant case and *McKeon* states the interpretation of *Oscanyan*'s general principle that was specifically adopted by the Fourth Circuit in *U.S. v. Blood* in 1986. 806 F.2d at 1221. Therefore, while the facts and ultimate issue that was decided in *McKeon* are distinguishable, the general legal principles that the *McKeon* Court enunciated are of direct relevance to resolving Plaintiff's New Trial Motion.

This Court also finds it appropriate to briefly discuss the *Oscanyan* case. *Oscanyan* stands for the principle that "any fact, bearing upon the issues involved, admitted by counsel, may be the ground of the court's procedure equally as if established by the clearest proof." 103 U.S. at 263. The only question is whether the facts themselves have been "clearly established" by counsel. *Id*. As noted above, this principle has been implemented by numerous appellate courts over the past 126 years. However, this Court notes that an equally important part of *Oscanyan* seems to have been left out of subsequent judicial analysis. In *Oscanyan*, after holding that a clearly established fact divulged in a party's opening statement can constitute a judicial admission, the Supreme Court went on to state that, "in all such proceedings nothing should be taken, without full consideration, against the party making the statement or admission. He should be allowed to explain and qualify it, so far as the truth will permit." *Id*. at 264. Only when such explanation proves fruitless should the court find that a judicial admission has been made. *Id*.

*McKeon* and *Blood* do not give this portion of *Oscanyan* its due and, indeed, appear to ignore it entirely. This Court holds that, consistent with *Oscanyan*, when counsel is charged with making a judicial admission during opening statement, he must first be given a chance to explain or qualify his statement. In this case, the issue itself was not raised until Plaintiff filed her Motion for New Trial. As a result, I find that Defense Counsel had his chance to explain or qualify his statement at oral argument and in his brief. Defense Counsel's explanation was unavailing and flatly contradicted by his clear and unambiguous statements during opening statement. Ideally, the party seeking the judicial admission would so notify the court at the end of the opening statement whereupon the party accused of making the admission would have the

11

opportunity to explain and qualify his alleged admission.

In its last argument, Defendant relies on the general rule that the purpose of opening statements is for the parties to "give the broad outlines of the case to enable the jury to comprehend it." *U.S. v. DeRosa*, 548 F.2d 464, 470 (3rd Cir. 1977). This Court acknowledges the truth of this general rule and, indeed, always instructs the jury prior to opening statements that what counsel for each party says is not evidence. However, the rule governing judicial admissions and the rule governing the general purpose of opening statements are not mutually exclusive. As stated above, judicial admissions and evidence are legally distinct. Admissions obviate the necessity of the jury making a factual determination as to the facts which are settled. When a court instructs the jury that what counsel says in opening statements is not evidence the court is essentially instructing the jury that, as far as the issues they are to decide, they should not be swayed by what counsel says. But when counsel clearly and unambiguously tells a jury in its opening statement that there is an element in the plaintiff's case which they need not decide because neither party disputes its existence, the instruction is inapplicable because the facts have been admitted. When such an admission occurs, the court's instruction should be clarified for the jury. As stated above, this should be done at the close of opening statements.

In sum, this Court granted Defendant's Motion for Judgment as a Matter of Law on the basis of Plaintiff's failure to put forth evidence on the very issues that were admitted during Defendant's opening statement. This was an error of law which is best corrected by **GRANTING** Plaintiff a new trial. The cases that have spoken on judicial admissions during opening statements are factually distinguishable but are rooted in sound legal principles which are applicable to this case. Furthermore, this result does not in any way undermine the general

rule of this Court and other trial courts who instruct the jury that the statements of counsel are not evidence. Only in the rare instances such as this where counsel clearly and unambiguously removes evidentiary issues from the jury's consideration in its opening statement will counsel's action rise to the level of a judicial admission.

### C. *Plaintiff's Other Grounds for a New Trial are Moot*

In her briefs and at oral argument, Plaintiff stated that a new trial is warranted because, even if Powell's alleged statement was inadmissible, sufficient circumstantial evidence existed to show that the incriminating statement was made by one of Defendant's agents. In addition, Plaintiff also suggested that a new trial should be granted because this Court improperly failed to exercise its discretion to allow Plaintiff to call either Fullen or Powell as an adverse witness after Plaintiff had rested her case-in-chief. Both of these arguments are now **MOOT**.

### V. CONCLUSION

For the reasons stated above, Plaintiff's Motion for New Trial will be **GRANTED**. The Clerk is directed to send a certified copy of this Memorandum Opinion and the attached Order to all counsel of record.

ENTERED this 31st day of August, 2006.

s/Jackson L. Kiser
Senior United States District Judge